**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:46 PM August 5, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| VITO S. DEBONA, | ) | CASE NO. 17-62541 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

    Vito DeBona ("Debtor") filed a Chapter 13 bankruptcy petition on November 16, 2017. The deadline for non-governmental creditors to file claims was April 3, 2018. On July 25, 2019, Debtor filed his Third Amended Chapter 13 Plan. Subsequently, his ex-wife, Rosemary Naumoff ("Creditor"), objected to confirmation of the plan.

    A confirmation hearing was held on July 31, 2019, and the matter was taken under advisement.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2), and the court has authority to issue final entries.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Debtor and Creditor initiated their divorce in 1995, in the Summit County Domestic Relations Court. According to Creditor's counsel at the confirmation hearing, Creditor attempted to have Debtor held in contempt in April 2018, for violating his domestic support obligation ("DSO") to her. The bankruptcy stay was entered shortly thereafter. Well over one year later, on July 26, 2019, Creditor then objected to Debtor's most third and most recent attempt at receiving confirmation of his Chapter 13 plan. This was her first objection. Though Debtor had listed her as an unsecured creditor based on his DSO to her, he had neglected to include her in the plan.

At the hearing, Creditor reiterated that the DSO belonged inside of the plan, and Debtor countered that since she did not timely file her claim, instead letting the deadline pass and then some, Creditor was not entitled to inclusion in the plan.

## DISCUSSION

The Bankruptcy Code requires that the Chapter 13 plan "shall provide for the full payment . . . of all claims entitled to priority under section 507 of this title . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Under section 507, DSOs are given first priority. 11 U.S.C. § 507(a)(1)(A). Debtor's Third Amended Chapter 13 plan does not provide for payment of the DSO he owes to Creditor, instead stating "N/A" in the relevant field.

It is true, per Debtor's comments during the confirmation hearing, that Creditor never filed a proof of her claim. However, the Code defines "claim" as a "right to payment." 11 U.S.C. § 101(5)(A). Given the fact that the typical Chapter 13 plan will be drawn up at the time of filing, long before any creditors have had the opportunity to submit their proofs of claim, it stands to reason that it is this broader meaning that is intended by the statute.[1]

In addition, under 11 U.S.C. § 1324(a), any "party in interest" may object to the plan, whether or not they filed a proof of claim. Though the code does not define the term "party in interest," it is "generally understood to include all persons whose pecuniary interests are directly

---

[1] This interpretation is further supported by the fact that DSOs are among the relatively few exceptions to the automatic stay, underlining the fact that they are to be treated with particular consideration throughout the bankruptcy proceeding. 11 U.S.C. § 362(b)(2)(C).

2

affected by the bankruptcy proceedings." *Belser v. Nationstar Mortg., LLC (In re Belser)*, 534 B.R. 228, 236 (BAP 1st Cir. 2015). Therefore, regardless of whether Creditor timely filed proof of her claim, she has both a right to payment from Debtor, and thus a right to object to a plan that does not provide for such payment. As the plan does not meet the explicit requirements of the Code, the court will deny confirmation.

The objection to confirmation will be sustained by separate order.

\#     \#     \#

**Service List:**

**Vito S. DeBona**
13348 Sebe Drive
Marshallville, OH 44645

**Robert Harris Young**
3200 W. Market Street
Suite 106
Akron, OH 44333

**James K. Reed**
209 South Main Street
#801
Akron, OH 44308

**Dynele Schinker-Kuharich**
200 Market Avenue North
Ste. LL30
Canton, OH 44702